SLATTERY v. THE CITY OF ST. LOUIS, *Appellant.*

Division Two, February 13, 1894.

1. **Municipal Corporation :** BRIDGE: INJURY TO ADJOINING PROPERTY: EVIDENCE. Evidence of a pending suit to widen the street is inadmissible in order to mitigate damages in an action against a city for injuries caused by the construction of a bridge on the street in front of plaintiff's property.

2. ——: ——: ——: DAMAGES. Probable loss of rent before the commencement of the action is not a proper element of damages in such case.

3. ——: ——: ——: ——. The proper measure of damages is the difference between the value of the property before and after the construction of the bridge.

4. ——: ——: ——: REMITTITUR. Error in including the loss of rent as an element of damages can not be cured by a *remittitur* where it is impossible from the evidence to determine the amount allowed by the jury for the loss of the rent.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*W. C. Marshall* for appellant.

(1) The circuit court erred in excluding competent, relevant and material testimony offered by defendant. (2) The measure of damages in a case where access to a highway has been cut off is the difference in the market value of the land before and after such cut off. (3) The seventh instruction asked by defendant should also have been given for it authorized the jury in determining the question of depreciation to consider the rental value of the property. This was proper. *Autenreith v. Railroad*, 36 Mo. App. 254; *Taylor v. Railroad*, 38 Mo. App. 668; *Sheehy v. Railroad*, 94 Mo. 574. (4) The city would have had a right to vacate the whole of Twenty-first street, and would not have been liable to plaintiff for thereby depriving her of access to her property from Twenty-first street, if she otherwise had access to her property. Her property fronted thirty feet on Twenty-first street, and fronted one hundred and fifty feet on Poplar street. Thus her property was still perfectly accessible from Poplar street, and the city is not liable simply because she was

deprived of access to it from Twenty-first street. *Glasgow v. City*, 87 Mo. 678; Dillon on Mun. Corp., secs. 650, note, and 666, note 2; *Paul v. Carver*, 24 Pa. St. 207.

*Leverett Bell* for respondent.

(1) The proceedings in the suit to widen Twenty-first street were not competent evidence and should have been excluded. *Simpson v. Kansas City*, 111 Mo. 237. (2) The instructions given for plaintiff present no ground for reversal. The first instruction is unobjectionable. *Sheehy v. Railroad*, 94 Mo. 574; *Brady v. Railroad*, 111 Mo. 329; *Taylor v. Railroad*, 38 Mo. App. 668. (3) The court did not err in refusing instructions.

BURGESS, J.—This is an action for damages by plaintiff against the defendant for erecting, in front of her property, a permanent bridge, thereby impairing its usefulness and value. The petition alleges that plaintiff, in 1889, and continuously since then, was the owner of a lot of ground at the southeast corner of Twenty-first and Poplar streets, having a front of thirty feet on Twenty-first by depth of one hundred and fifty feet eastwardly along the south line of Poplar street, on which there was a substantial brick building; that the property fronted on Twenty-first and bordered on Poplar, which were unobstructed streets, sixty feet wide and open to travel; that in June, 1890, the defendant commenced, and has since prosecuted the erection of a bridge lengthwise in Twenty-first street, for the purpose of carrying the street traffic over the railway tracks in Mill Creek Valley; that said bridge is a permanent structure composed of stone, steel and iron, and is intended to, and will, occupy said street in front of plaintiff's premises forever, so that plaintiff is

deprived of access to said street as the same existed prior to the' erection of said bridge; that the bridge occupies practically the entire width of Twenty-first street, and the eastern side of the bridge is composed of a solid wall of masonry about six feet in height, and is located within two feet west of the west line of plaintiff's building, and runs parallel therewith along the entire front of said building, and north and south of the same.

There was no effort by defendant to agree with plaintiff as to her damages before. commencing the obstruction, nor were any steps taken under the statute for that purpose.    The answer is a general denial.    On a trial had before a jury, plaintiff obtained a verdict for $2,750.    She subsequently remitted $258.72.    The case is in this court on defendant's appeal.

The bridge, it seems, occupied substantially near about the full width of the street, leaving only a narrow pathway of about two feet in width in front of plaintiff's property.    For the purpose of showing that the obstruction was not permanent and to limit plaintiff's right to recovery to such damages as she may have suffered from September, 1890, until the date of the trial, defendant offered to prove that there was a proceeding pending in the circuit court for the widening of Twenty-first street in front of her property, which would make the street twenty feet wide between the bridge and plaintiff's building line which would take about all the plaintiff's store, for which she would be compensated in damages, and to which proceeding she was a party.    On objection of plaintiff this evidence was excluded, and the action of the court with respect thereto, it is urged by defendant, was error.

We are unable to see what bearing the proffered evidence had upon the questions involved in this case. It seems to have been an entirely different proceeding

and for an entirely different purpose, and had no tendency to show the amount of damages that plaintiff's property had sustained by reason of the obstruction, or that she ever would receive any compensation therefor by reason of such proceedings. At most, it was mere conjecture as to what amount for damages to her property, if any, she would be allowed as the result thereof.

Not only this, but the city under its charter had the right at any time to dismiss or discontinue the proceedings. Section 9, article 6, of the charter of St. Louis, R. S. 1889, p. 2121, provides that the city shall have the right at any time before final confirmation of the report of the commissioners to dismiss and withdraw condemnation proceedings on the payment of cost. *Simpson v. Kansas City*, 111 Mo. 237.

As the court did not err in excluding the evidence in regard to the condemnation proceedings pending in the circuit court, it follows that plaintiff's first and second instructions were properly given.

The plaintiff's third instruction is as follows:

"If the jury believe that the building of the bridge in Twenty-first street in front of plaintiff's premises had occasioned a loss of rent to plaintiff between September, 1890, and October 12, 1891, the date of beginning of this action, the jury will include in their verdict, if they find for plaintiff, the amount of such loss of rent as is shown by the evidence."

The plaintiff was not entitled to recover damages to her property and at the same time damages for the loss of rent. It is clear that if the entire property had been taken or rendered useless and of no value that she could not have recovered, in an action for damages to the property, also what it would have rented for up to the time of bringing the suit. "In an action for a negligent injury to real property, the rule of damages

generally adopted is to allow to the plaintiff the difference between the market value of the land immediately before the injury occurred, and the like value immediately after the injury is complete." 2 Shearman & Redfield on Negligence, sec. 750. To the same effect is *Pinney v. Berry*, 61 Mo. 359. The measure of damages was the difference between the value of the property immediately before the injury and immediately afterwards as its market value was affected by reason of the erection of the bridge. *Spencer v. Railroad*, ante, p. 154; *Kansas City v. Morton*, 117 Mo. 446; *Hickman v. City of Kansas*, ante, p. 110.

The error in this instruction was not cured by the *remittitur* of the sum of $258.72 as it is impossible to determine from the evidence what amount was allowed by the jury for damages occasioned by the loss or decrease in the rental value of the property. The judgment will be reversed and the cause remanded to be tried in conformity with this opinion. All of this division concur.