OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1895.

---

(*Continued from Volume 131.*)

---

WOLTERS, *Appellant*, v. CITY OF ST. LOUIS.

Division Two, December 23, 1895.

**Municipal Corporation**: BRIDGE: INJURY TO ADJOINING PROPERTY: MEASURE OF DAMAGES. The measure of damages in case of injury to property by the erection of a bridge is the difference in the market value of the property immediately before and after the building of the bridge, as affected by reason of its erection.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Harvey & Hill* and *J. R. Meyers* for appellant.

(1) Appellant only having been paid for the twenty feet of ground and the improvements thereon

VOL. 132 mo—1 (1)

she had a right to have the damage assessed to the remaining thirty feet. *Railroad v. Calkins*, 90 Mo. 538; *Railroad v. Story*, 96 Mo. 611; *Railroad v. Baker*, 102 Mo. 553. (2) The court erred in instructing the jury "that they can not allow appellant any damages in this case by reason or in consequence of her lot being reduced from fifty feet to thirty feet, but that all such damages were included in the $12,000 which was allowed plaintiff in the condemnation case referred to." *Railroad v. Calkins*, 90 Mo. 538. (3) The court erred in instructing the jury "that they can not allow appellant any damages by reason or in consequence of the dust and deposits being blown by the wind from the bridge onto appellant's property." *Railroad v. McGrew*, 104 Mo. 282. (4) The court erred in instructing the jury that appellant could only recover the difference, if any, in the market value of plaintiff's property in the condition it was before the bridge was built on Twenty-first street and its market value in the condition it is now. (5) The court erred in refusing to instruct the jury that in fixing the amount of damages it is competent for the jury to consider the evidence as to the rental value of the property before and since the construction of the bridge and abutments, but this difference is not conclusive.

*W. C. Marshall* for respondent.

The judgment of the circuit court is right, and should be affirmed. The measure of damages in a suit of this character, is "the difference between the value of the property immediately before the injury and immediately afterward, as its value was affected by reason of the erection of the bridge." *Slattery v. St. Louis*, 120 Mo. 188; *Spencer v. Railroad*, 120 Mo. 154; *Kansas City v. Morton*, 117 Mo. 446; *Hickman v.*

*City of Kansas*, 120 Mo. 110; *Pinney v. Berry*, 61 Mo. 359; 2 Shear. & Red. on Neg., sec. 750.

BURGESS, J.—This is an action against the defendant for damages to plaintiff's property, which she alleges it sustained by reason of the erection of a bridge by the city alongside of her property on Twenty-first street.

The petition alleges that the plaintiff owned a lot on the northeast corner of Twenty-first and Randolph streets, having a front of thirty feet on the north line of Randolph street by a depth northwardly of one hundred feet on Twenty-first street; that on the fifteenth day of August, 1889, the city commenced, and has since completed, the construction of a bridge on Twenty-first street, which has the effect of depriving plaintiff of access to Twenty-first street, the abutment of the bridge alongside of plaintiff's property being about fifteen feet high, and distant fifteen feet from the west line of plaintiff's property; that the city condemned twenty feet off of the west part of plaintiff's lot so as to widen Twenty-first street, that is, plaintiff's lot was originally fifty feet front, and the city condemned the west twenty feet thereof, and left plaintiff only thirty feet front; that the city paid plaintiff $12,000 for the property so appropriated, and that the remaining portion of plaintiff's property has been damaged $10,000. The specific damages alleged are that the bridge alongside of plaintiff's property is higher than the level of her property and that the wind blows the dust and other deposits off the bridge into plaintiff's premises thereby producing sickness and reducing the rental value of the property; and that the proximity of the bridge to her property has reduced its market value correspondingly. The answer is a general denial.

Under the evidence, and instructions of the court, the jury returned a verdict for defendant, and after an unsuccessful motion for a new trial plaintiff appealed.

The measure of damages in this case was the difference, less, if anything, in the value of plaintiff's property immediately before the construction of the bridge, and immediately afterward, as its market value was affected by reason of the erection of the bridge. *Slattery v. St. Louis*, 120 Mo. 183; *Spencer v. Street R'y Co.*, 120 Mo. 154; *Kansas City v. Morton*, 117 Mo. 446.

The rule thus announced is the theory upon which the case was tried by the court below, which is evidenced from the instructions given. And there can be no question as to its correctness. Moreover, the evidence showed that plaintiff's property was enhanced in value by reason of the construction of the bridge, and that instead of being injured in consequence thereof, she has really been benefited. The judgment was clearly for the right party, and is affirmed. GANTT, P. J., and SHERWOOD, J., concur.