## PAULA F. FINLEY, Appellant, v. UNITED RAILWAYS COMPANY OF ST. LOUIS.

### Division One, November 29, 1911.

1. **APPEAL: Abstract: Agreement for Additional Time.** Where the attorneys for the appellant and respondent have agreed before the expiration of the time for the service of the abstract that it would be in time if served thereafter within a time designated, and it is served within that time, it will be considered on appeal.

2. ———: ———: **Record Matters at Former Trial.** An additional abstract showing a former trial of the same cause in the circuit court of St. Louis, being the same court from whose judgment the appeal is taken by plaintiff, after a ruling by the court that it had no jurisdiction; showing a verdict and judgment in said former trial of $3000; that a motion for a new trial was filed, and was overruled; that defendant filed an affidavit for an appeal, and an appeal was granted to the St. Louis Court of Appeals; that a mandate of the Springfield Court of Appeals, purporting to reverse the judgment for $3000, was filed in said circuit court; and an additional statement to the effect that a duly certified copy of the judgment and order granting the appeal was thereafter filed in the St. Louis Court of Appeals, and that said court made an order to transfer the case to the Springfield Court of Appeals, can be filed in the appeal from the last judgment to the Supreme Court; and all of the matters therein contained, being matters

of record in the circuit court, are properly in the case, except those matters pertaining to the filing of the appeal in the St. Louis Court of Appeals and its transfer of the case to Springfield Court of Appeals, which are not record matters of the circuit court.

3. **NEGLIGENCE: Damages: Earning Capacity: Limited in Petition: Unlimited in Instruction.** Where the petition limits the amount of plaintiff's damages for an itemized injury, the instruction should not authorize an unlimited award. Where plaintiff in her petition charges that "she has been and will be unable to work and earn wages at the rate of three dollars per day, to sustain and support herself," an instruction telling the jury to assess her damages at such sum as will reasonably · compensate her for whatever injuries she has sustained, and in estimating such damages to take into consideration "the impairment of her ability to work or labor, if any, and directly caused by such injuries," is erroneous. The petition fixed the amount of her recovery at not to exceed three dollars per day, and the instruction gives the jury the right to fix this item of damages at a higher sum.

4. **APPEAL: Error in Instruction: New Trial Granted on Other Grounds: Affirmance.** For error in instructions given for plaintiff, the Supreme Court, on plaintiff's appeal from an order granting defendant a new trial on other grounds, will affirm the judgment or order.

5. **———: To Wrong Court: Reversal: Cause Pending: Jurisdiction.** Where an appeal was taken by defendant from a judgment of the circuit court of St. Louis, awarding plaintiff $3000, to the St. Louis Court of Appeals, and that court transferred the case to the Springfield Court of Appeals (which reversed the judgment and remanded the case), the circuit court had no jurisdiction to retry the case, for it was still in the St. Louis Court of Appeals undecided, which court never had any jurisdiction to transfer the case to the Springfield Court of Appeals, since the statute authorizing it to do so is and was unconstitutional and void; and a decision of this court so holding, handed down in the midst of the second trial, authorized the circuit court to grant a new trial for lack of jurisdiction.

6. **JURISDICTION: How Derived: Coram Non Judice.** The power of a court to act in any case comes from the Constitution and laws of the State, and not from a one-time mistaken judgment of the Supreme Court interpreting that Constitution and those laws. All acts of a court without jurisdiction over the subject-matter are *coram non judice*; that is, acts in the presence of persons and not judges, so far as the acts relate to the particular case.

7. ——: **Waiver: Going to Trial After Appeal.** After plaintiff has obtained judgment and defendant has appealed to the proper appellate court, defendant does not waive the lack of jurisdiction of the same circuit court to try the case a second time on the same petition, by going to trial; although the Court of Appeals to which the case had been appealed transferred the cause to another Court of Appeals, and that court, although without jurisdiction, reversed the judgment and remanded the cause to the circuit court. And a judgment at another trial, after such reversal, must be reversed, since the circuit court was without jurisdiction over the subject-matter, as shown by its records, for they showed the case was still in the Court of Appeals to which the case had been properly appealed.

Appeal from St. Louis Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*S. P. Bond* for appellant.

(1) The court erred in granting the defendant a new trial on the ground that the circuit court had no jurisdiction to try the case, because the circuit court had jurisdiction over the subject-matter. The petition states a case belonging to a general class over which the authority of the court extends, and if defendant had a legitimate defense it should have set it up in the answer. Padgett v. Smith, 206 Mo. 303; Tube Works Co. v. Ice Machine Co., 201 Mo. 30; Viertel v. Viertel, 212 Mo. 562; Coffee v. Groover, 20 Fla. 64; Amsden v. Railroad, 32 Iowa, 288; Gaston v. Batts, 73 Mo. 277. (2) The court erred in granting the defendant a new trial on the ground that the circuit court had no jurisdiction to try the case, because the defendant waived the jurisdiction of the circuit court by asking and obtaining a new trial on a former verdict against it by waiving any question as to the jurisdiction of the Springfield Court of Appeals to grant it a new trial and requesting it to do so, by agreeing to the amendment of the plaintiff's petition a short

while before the day the case was set for retrial, announcing ready for trial, participating in the trial of the case, cross-questioning plaintiff's witnesses, introducing evidence to maintain the issues in its own behalf, requesting and being granted instructions, arguing and generally appearing in the case. After an appeal had been taken from an order sustaining a motion for a new trial and setting aside a finding for the appellant, if he participates in a second trial he waives his appeal. Trundle v. Insurance Co., 54 Mo. App. 188; State ex rel. v. Gates, 143 Mo. 63. (3) The court erred in granting the defendant a new trial on the ground that the circuit court had no jurisdiction to try the case because, if the defendant did have a right to have the St. Louis Court of Appeals, in the first instance, hear its motion for a new trial on the first verdict, it waived its constitutional rights, as pointed out in second point of this brief, and it is therefore estopped by its own acts to assert the unconstitutionality of the statute. A party may waive a constitutional as well as a satutory provision. State ex rel. v. Messerly, 198 Mo. 351; Henderson v. Koenig, 192 Mo. 690; Merrill v. City of St. Louis, 83 Mo. 244; Williams v. Railroad, 153 Mo. 487; Pierce v. Railroad, 171 U. S. 641; Lee v. Tilloston, 24 Wend. (N. Y.) 337; Phyfe v. Eismer, 45 N. Y. 104; Tone v. Columbus, 39 O. St. 281; Hartford v. State National Bank, 53 Mo. 330; Wilson v. Railroad, 87 Mo. 431. (4) The court erred in granting the defendant a new trial on the ground that the court had no jurisdiction to try the case because the defendant failed to plead it in its answer and incorporate it in its instructions and in so failing waived any right it may have had. Lohmeyer v. Cordage Co., 214 Mo. 685; Thompson v. Insurance Co., 217 Mo. 485. (5) The respondent is estopped by its waiver and own acts in this case from claiming the circuit court had no jurisdiction to try the case. State ex rel. v. Muench, 230 Mo. 236; State v. Mitchell,

229 Mo. 683. (6) Where a party has asked for a new trial, and that is only what the record shows in this case, and has obtained it, he should not afterward be heard to question that which he has asked and received. Railroad v. Bridge Co., 215 Mo. 286. (7) On the day this case was set for argument before the Springfield Court of Appeals, it was a mooted question in this State whether that court had jurisdiction to hear and determine the case and the court, before it would hear the case argued, required the counsel for the then appellant and respondent to enter into a stipulation waiving any jurisdictional question and agreeing to abide by the decision of the three jurists, although it might prove they had no authority from a constitutional standpoint to hear and determine the case. On Monday, December 5, 1910, the Springfield Court of Appeals decided in favor of the appellant, granting it a new trial. The motion for a rehearing was overruled January 3, 1911. Blyston-Spencer v. United Rys. Co., 132 S. W. 1175. While the motion for a rehearing on the part of the respondent, Blyston-Spencer, was pending, on December 17, 1910, seventeen days before it was overruled, the Supreme Court held in the case of State ex rel. v. Nixon, 133 S. W. 340, that the Springfield Court of Appeals had jurisdiction in such cases.

*Boyle & Priest, R. E. Blodgett* and *T. E. Francis* for respondent.

(1) The court did not err in sustaining defendant's motion for a new trial and in arrest of judgment on the ground that it had no jurisdiction of the cause, since the first judgment rendered in the cause was a final judgment and had not been vacated or set aside, and the court, therefore, had no jurisdiction to try the case again, and all its proceedings therein, including the attempted rendition of a second judgment, were

void.  R. S. 1909, sec. 2090; Mason v. McLean, 6 Wash. 31; Muckolls v. Irwin, 2 Neb. 60; 1 Black on Judgments (2 Ed.), sec. 304. (2) Defendant did not waive lack of jurisdiction on the part of the court by participating in the trial, for the reasons: (a) The court had exhausted its jurisdiction over the case by rendering a final judgment therein, and its lack of jurisdiction to proceed to render another judgment was a lack of jurisdiction over the subject-matter which could not be waived. State ex rel. v. Nixon, 134 S. W. 538; Mason v. McLean, 6 Wash. 31; Muckolls v. Irwin, 2 Neb. 60; 1 Black on Judgments (2 Ed.), sec. 304. (b) Because waiver is the intentional relinquishment of a known right, and defendant, by its plea to the jurisdiction, challenged the jurisdiction of the court and protested against further proceedings being had, as soon as it obtained knowledge of its rights. 29 Am. and Eng. Ency. Law, 1093. (3) The instruction on the measure of damages is erroneous, for the reason it allows a recovery for the impairment of plaintiff's ability to work, without limiting it to the amount demanded therefor in the petition, viz.: $3.00 per day. Radtke v. Box Co., 229 Mo. 1.

GRAVES, P. J.—This plaintiff sues the defendant for injuries to herself and to her underwear, Eton suit, and hat she was wearing at the time of accident. Damages were laid at the aggregate sum of $25,000. Itemized matters of damage, in addition to general damage, are (1) hospital bill, $71.70, (2) nurse hire, $39.40 and $80, (3) ambulance hire, $10, (4) doctor's bill, $320, (5) to glasses for eyes owing to injuries thereto, $35, and (6) for injuries to her underwear, Eton suit and hat, $65.

Defendant is charged (1) with a violation of the Vigilant Watch ordinance of the city of St. Louis, and (2) with a violation of the speed ordinance of said

city. These are the sole grounds of negligence pleaded.

Answer was (1) general denial, and (2) a plea of contributory negligence. Reply was general denial.

Plaintiff, upon a trial before a jury, had a verdict for $8,750, upon which judgment was rendered. Defendant filed its motion for new trial and in arrest of judgment, and the motion for new trial was sustained on the ground that the trial court had no jurisdiction of the cause. From this judgment sustaining said motion the plaintiff has appealed. Matters of evidence so far as required will be noted in the opinion.

I. The first question presented is whether or not we should consider an additional abstract of the record filed by defendant in this cause. Plaintiff objects to it because not served in time and because not properly a part of the record in this case. Upon the first objection affidavits have been filed. For the defendant, the affidavits tend to show that the attorney for plaintiff before the expiration of the time for service of the additional abstract agreed that it would be satisfactory if served the day after the time had expired, and that it was so served. Affidavit contra by attorney for plaintiff. The several affidavits for the defendant, one of which is from an entirely disinterested person, the printer of the record offered, leads us to conclude that there was an agreement, and that the abstract was served at the time agreed upon by the parties. This objection will therefore be overruled.

The second objection goes to the substance of the additional abstract. With one exception, the additional abstract is matter of record in the case at bar in the St. Louis Circuit Court. The additional abstract shows a trial of this same cause in April, 1909. It shows a judgment for the plaintiff in the sum of $3,000, upon a verdict of a jury in that sum. It shows the filing and overruling of a motion for a

new trial. It also shows the filing of an affidavit for an appeal, and the order of the circuit court granting an appeal to the St. Louis Court of Appeals. There is also shown by this additional abstract that a mandate of the Springfield Court of Appeals, purporting to reverse the judgment aforesaid was filed in the circuit court, where all of these matters are matters of record in the circuit court. The only other matter contained in this additional abstract is a statement to the effect that a duly certified copy of the judgment and order granting the appeal was filed in the St. Louis Court of Appeals, June 29, 1910, and that said last named court made an order attempting to transfer the case to the Springfield Court of Appeals.

It will be observed that all the matters set out in the additional abstract of record are matters of record in this case in the circuit court, save the last mentioned matter. That, if a record at all, is a record in the St. Louis Court of Appeals. Barring this last mentioned record we think the additional abstract is proper. They are all matters of which the trial court in the second trial must take judicial notice as being a part of the case before him on the second trial.

We therefore rule that in so far as the additional abstract contains matters of record or on file in the circuit court it is proper. To what extent they may avail the defendant on this appeal we discuss later.

To our minds there are two propositions upon which this judgment must be affirmed. A ruling upon one would not necessarily preclude a rehearing of the cause, but a ruling upon the other would mean an absolute disposition of the cause for the present. These two questions we take in the order stated. The question raised as to the sufficiency of the proof to make a case, we do not discuss for reasons which will become apparent later.

II.   One fatal question in the case is the instruction upon the measure of damages.   This instruction reads:

"The court instructs the jury that if they find a verdict in favor of the plaintiff, they will assess her damages at such sum as will reasonably compensate her for whatever injuries you believe from the evidence she has sustained, if any, and in estimating such damages you will take into consideration:

"1st.   The nature, character and extent of such injuries, if any, and directly caused thereby.

"2nd.   The physical condition she was in before the injuries, the physical pain and mental anguish, if any, which she has suffered from said injuries and directly caused thereby.

"3rd.   The pain of body and mind, if any, which plaintiff is reasonably certain to suffer from said injuries in the future, and directly caused thereby.

"4th.   *The impairment of her ability to work or labor, if any, and directly caused by such injuries.*

"5th.   The reasonable expenses paid out and incurred by her, if any, for hospital bills on account of such injury, if any, and directly caused thereby, in a sum not to exceed $71.70; the reasonable expenses paid out and incurred by her, if any, for nurse hire, on account of such injuries if any, and directly caused thereby, not to exceed $39.40; the reasonable expenses paid out and incurred by her, if any, for ambulance hire on account of such injuries, if any, and directly caused thereby, not to exceed $10; the reasonable expenses paid out and incurred by her in procuring physicians' and doctors' attention, if any, on account of such injuries, if any, and directly caused by such injuries, not to exceed $225; the reasonable damage incurred by her, if any, to her underwear, Eton suit, and hat, if any, on account of said injuries, if any, and directly caused thereby, not to exceed $65.

"Your finding in the aggregate which you may allow plaintiff will not be over twenty-five thousand dollars."

It is the fourth specification which renders the instruction bad. There is no limit placed to the amount of recovery upon this item of damage by the instruction. Turning to her petition we find that the plaintiff did place a limit upon this item of her damages. The petition upon this point, reads:

"That she *has been, and will be* unable to work and earn wages, means and salary, as a seamstress and tailor, at the rate of three dollars per day, to support and sustain herself."

By the petition the impairment of her earning capacity was limited to three dollars per day. The allegation above quoted refers to future as well as past impairment of earning capacity. The petition says that "she has been (past) and will be (future) unable to work and earn wages . . . at the rate of three dollars per day." Under this allegation the amount of recovery as to impairment of earning capacity, both future and past, should have been limited to at least the three dollars per day asked in the petition. After plaintiff had seen fit to limit this item of damage, the jury should not have been given the unbridled license contained in this instruction. The exact question has been passed upon in several very recent cases.

[Radtke v. Basket & Box Co., 229 Mo. l. c. 18; Smoot v. Kansas City, 194 Mo. 513; Heinz v. Railroad, 143 Mo. App. 38.]

In the Radtke case, supra, we reviewed the authorities upon the question, and in so doing in part said: "The petition charged that his loss of earnings before the trial were nine dollars per week. Not only so, but that was the measure fixed for future loss of time for the petition reads: 'and will continue to lose said sum in the future for an indefinite period.' The

instruction permits recovery for 'loss of time' without any limitation whatever. The petition not only fixes the amount of lost earnings suffered, but limits the loss of earnings in the future. It covers both those earnings suffered and to be suffered. It fixes the value of all such earnings at nine dollars per week. It is true that the petition avers that plaintiff's earning capacity 'is greatly impaired and perhaps entirely gone,' but that does not change the fact that the value of the earnings was fixed by the petition. Defendant had a right to rely upon the admission of plaintiff that his loss in this respect had been and would be only nine dollars per week, and it was the duty of the court to so limit the right of recovery in this regard. The instruction given was erroneous upon this question. [Smoot v. Kansas City, 194 Mo. l. c. 522; Heinz v. Railroad, 143 Mo. App. 38.]"

In the Smoot case, supra, we used this language: "Applying the rules as thus indicated by the cases heretofore cited, should this court undertake to cure the error of instruction numbered 4 by ordering that a *remittitur* be entered? Upon a careful consideration of the entire record we have reached the conclusion that it should not. The record in this case presents an action for personal injuries, and it is clear that there is no positive criterion for determining what the damages ought to be, nor can this court determine what elements of damages were considered by the jury in arriving at their verdict. They were directed by instruction 4, without any limit being fixed, to assess the damages for the loss of time by the plaintiff from his means of livelihood, and it would simply be pure guesswork by this court, as was said in Slattery v. St. Louis, 120 Mo. 183, as to what amount was allowed by the jury for damages occasioned by the loss of such time."

So in the case at bar the plaintiff saw fit to fix her earning capacity in the petition at three dollars

per day although she testified that she earned from three to five per day. The defendant had a right to assume under these pleadings that she would not be permitted to recover more than she claimed. Whether she did or not we cannot determine. Like the Radtke case the size of the verdict bespeaks close scrutiny. On a first trial a jury only gave her $3,000 and less than two years thereafter she gets a verdict of $8,750. The first verdict was in March, 1909, and the latter in February, 1911.

For the error in this instruction the judgment should be affirmed, although not assigned as a reason by the trial court.

However, there is a more serious defect in the record, which we take next.

II. That the St. Louis Circuit Court lost jurisdiction of this cause when it granted an appeal to the St. Louis Court of Appeals there can be no question. The real question is whether or not it was reinvested with jurisdiction by the mandate of the Springfield Court of Appeals. If it was not, then it was without jurisdiction to proceed further. We must judicially know that the St. Louis Circuit Court is not within the appellate district of the Springfield Court of Appeals, but that appeals from such court must go to the St. Louis Court of Appeals, because within the territorial limits of such appellate district. We have but recently held that the judgment of the Springfield Court of Appeals in a case coming from the St. Louis Court of Appeals District was null and void. [State ex rel. v. Nixon, 232 Mo. 496.]

In this case we held that jurisdiction in the Springfield Court of Appeals could not be conferred by consent, because there was no jurisdiction of the subject-matter. This opinion was handed down February 9, 1911, at which time the present case was

138 Sup.—2

on trial before the circuit court. Counsel for defend-
ant, immediately, on February 10th, the morning after
our ruling, challenged the jurisdiction of the circuit
court to further proceed in the case, but the trial court
proceeded to finish the case, and then sustained the
motion for new trial as we have above indicated. It
is urged that when the Springfield Court of Appeals
opinion and mandate in the case at bar was delivered
there had been handed down by this court an opinion
in State ex rel. Furstenfeld v. Nixon, 133 S. W. 340,
wherein we had said that in cases where the parties
had consented to a hearing before the Springfield
court, the jurisdiction was waived. This is true that
such was done by a divided court, but we do not see
how that avails the plaintiff here. It is urged that
the Springfield Court of Appeals was then following
our last decision as by the Constitution it was bound
to do. For the sake of the argument, grant that to
be true, although as a matter of fact it is evident
from the record before us that when the parties con-
sented to the jurisdiction of that court, no further con-
cern was had as to jurisdiction. But be that as it
may, it cannot help the plaintiff here. The same Con-
stitution commanded the circuit court to follow our
latest utterance, and when the circuit court was called
upon to act, we had said that this mandate and judg-
ment of the Springfield court was void. We cannot
convict the circuit court of error for following our
last utterances upon a vital question in the case. Plain-
tiff acquired no fixed rights in the interim between
the two opinions. One was handed down December
17th, and the other February 9th following. Her case
is just where it was before the void judgment of the
Springfield court, i. e., in the St. Louis Court of Ap-
peals. It is just where it was prior to the void order
of transfer made by the St. Louis Court of Appeals,
if such order was made. All acts of the Springfield
Court of Appeals were *coram non judice,* i. e., acts in

the presence of persons and not judges so far as this particular cause is concerned. The power of that court to act in any case comes from the Constitution and laws of the State, and not from a one-time mistaken judgment of this court in the interpretation of the Constitution and laws. The erroneous judgment in the Furstenfeld case added no vitality to the judgment rendered by the Springfield court. To our mind the test is as to what was the duty of the trial court at the time it had to wrestle with the question of its own jurisdiction. At that time we had declared that under the law the judgment of the Springfield court was a nullity, and the trial court could not do otherwise than to do as was done.

In our judgment, the trial court was without jurisdiction.

III. It is urged that the defendant waived the jurisdiction of the circuit court by going into the second trial. This position is not tenable for the reason that after the first judgment for $3,000 was entered and the circuit court granted an appeal to the St. Louis Court of Appeals, the circuit court parted with jurisdiction of the very subject-matter. The whole case was gone from its jurisdiction and its jurisdiction of the subject-matter was not reinvested. Without the court being possessed of the subject-matter no act of the parties can confer jurisdiction. The want of jurisdiction over the subject-matter was apparent from the court's own records in the cause.

It has been held, and I think properly, that a defendant by going into a second trial after the defendant had taken an appeal from an order granting the plaintiff a new trial on a verdict in defendant's favor, should be held to have waived the appeal. [Trundle v. Insurance Co., 54 Mo. App. l. c. 191-192.] This Trundle case was cited with approval by this court in State

ex rel. v. Gates, 143 Mo. l. c. 69, although the precise question was not before us for decision.

But the Trundle case is not this case. In this case if we say the defendant waived its appeal, we still have the judgment for $3,000 staring the trial court in the face and bespeaking final adjudication of the case.

Plaintiff did not bring her suit over, but proceeded to the second trial of the same case, with the record entries therein within the judicial notice of the court. A court must know what has been done in a particular case from its inception to its close, and a plea of *res adjudicata* finds no place in such a situation.

To our mind there is nothing in either the question of waiver or the want of a plea of *res adjudicata*. If the appeal of defendant could be and was blotted out by acts which amounted to a waiver of the appeal, there was still left of record this judgment of three thousand dollars which was not waived.

Waiver is an intentional act, and outside of the foregoing it is clear that the defendant was waiving nothing in this case. We are forced to the conclusion that this case is yet pending in the St. Louis Court of Appeals and that plaintiff should have gone to that tribunal rather than to the circuit court. In our opinion the face of the record in this case bespeaks the lack of jurisdiction in the circuit court at the rendition of this last judgment and its order granting a new trial for that reason is sustained and affirmed. All concur.