Carter J. BRILEY (Plaintiff), Respondent,

v.

Guy A. THOMPSON, Trustee, Missouri-Pacific Railroad Company, a Corporation (Defendant), Appellant.

No. 29416.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1955.

Harold L. Harvey, Oliver L. Salter, Donald B. Sommers, St. Louis, for appellant.

Haley, Fredrickson & Caruthers, Rexford H. Caruthers, St. Louis, for respondent.

ANDERSON, Presiding Judge.

The plaintiff, Carter J. Briley, brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, to recover damages for personal injuries alleged to have been sustained by him on October 20, 1950, during the course of his employment, and due to the negligence of defendant's agent and servant. The trial below resulted in a verdict and judgment for plaintiff in the sum of $15,000. The trial court ordered a remittitur of $5,000, which remittitur was made. Defendant's motion for new trial being overruled, defendant appealed to the Supreme Court.

Thereafter, appellant filed in the Supreme Court a motion to transfer said cause to this court. In said motion it is alleged:

"That this is a personal injury case arising under the Federal Employers' Liability Act, in which the defendant-appellant has admitted liability. The verdict was for $15,000.00, reduced by remittitur, by order of the Court, to $10,000.00, for which amount the judgment now stands against the defendant-appellant. His attorneys of record have reviewed the awards allowed in cases of injury similar to that which was sustained by the plaintiff-respondent in this case and the defendant-appellant is sincerely of the opinion that the judgment of $10,000.00 is excessive, but he cannot conscientiously contend that it is excessive in a sum of more than $7,500.00.

"Therefore, defendant-appellant moves the Court to transfer this cause to the St. Louis Court of Appeals because the amount in issue on this appeal deos not and will not exceed $7,500.00."

The court sustained this motion on July 11, 1955. At that time no briefs were on file in said cause. The mandate of the Supreme Court, together with the files in said cause, was received and filed in this court on July 28, 1955. The cause was on said date set for hearing on November 14, 1955. Thereafter, and on October 5, 1955, appellant filed his brief.

In said brief, under "Points and Authorities", the following errors are assigned:

"1. The court erred in giving plaintiff's Instruction No. 1, because there was insufficient evidence in the case to allow the jury to assess damages for future pain and suffering.

"2. The judgment in the sum of $10,000.00 is excessive."

Both points are carried forward in that part of appellant's brief which is designated "Argument". Under Point I, it is vigorously argued that the testimony adduced by plaintiff in relation to future pain and suffering was speculative and wholly insufficient to warrant the submission of such element of damage. An examination of the transcript reveals that the element of future pain and suffering was submitted to the jury by Instruction No. 1. In concluding the argument on this point appellant, in his brief, says: "Therefore, we submit that it was error to allow the jury to assess damages for future pain and suffering, and that this case should be remanded for retrial on the measure of damages."

Under Point II of his argument, appellant contends that the judgment is excessive, and that the court should order a remittitur. Appellant then says: "We submit that the jury's verdict of $15,000 was shockingly excessive and, no doubt, in part due to the error in giving Instruction No. 1, allowing the jury to assess damages for future pain and suffering, which were certainly not proved in the evidence. For

this error, we submit the court should order a new trial. * * * We submit that this judgment should not be allowed to stand for more than $5,000, plus the $415 lost wages, and if the court does not order a new trial it should order a remittitur at least in the sum of $5,585.00."

This court's jurisdiction has not been challenged. Nevertheless, it is our duty to examine the record and determine this court's jurisdiction, whether challenged or not. Blake v. Shower, 356 Mo. 618, 202 S.W.2d 895; Fanchon & Marco Enterprises v. Dysart, Mo.Sup., 189 S.W.2d 291; Harrell v. Surface, 349 Mo. 370, 160 S.W.2d 756, 190 S.W.2d 939.

The fact that the Supreme Court has transferred the case to this court does not foreclose further review of the matter of jurisdiction; and, where it appears from the record that the Supreme Court has acted on misinformation supplied by the parties and has transferred to this court a case properly within the Supreme Court's own jurisdiction, it becomes our duty to re-transfer said cause. Schmidt v. Morival Farms, Inc., Mo.App., 232 S.W.2d 215.

We may examine the whole record, including the evidence preserved in the transcript, to ascertain the amount in dispute. Buddon Realty Co. v. Wallace, Mo. Sup., 188 S.W.2d 28.

In appellant's motion to transfer the cause to this court it was alleged that the judgment was excessive, but that he "cannot conscientiously contend that it is excessive in a sum of more than $7500," and for that reason the amount in dispute "does not and will not exceed $7500." From this motion one would naturally assume that excessiveness was the only issue that appellant intended to urge on appeal. But such was not the case. When the cause reached this court appellant filed a brief urging that the trial court erred in giving and reading to the jury Instruction No. 1. The specific complaint with reference to this instruction is that by it the court erroneously submitted future pain and suffering as an element of damage. Appellant, under this point, does not suggest a remittitur to cure the error, but prays that this $10,000 judgment be reversed and the cause remanded for new trial.

If appellant's point with reference to this instruction is well taken, we would be compelled to reverse the judgment and remand the cause for new trial. Error in submitting an improper element of damage cannot be cured by a remittitur where it is impossible to determine from the record the amount, if any, allowed by the jury for such damage. Smoot v. Kansas City, 194 Mo. 513, 92 S.W. 363; Slattery v. City of St. Louis, 120 Mo. 183, 25 S.W. 521; McFall v. Wells, Mo.App., 27 S.W.2d 497; Perkins v. United Rys. Co. of St. Louis, Mo.App., 243 S.W. 224; Williams v. East St. Louis R. Co., Mo.App., 100 S.W.2d 51; Traw v. Heydt, Mo.App., 216 S.W. 1009; Powers v. Kansas City, 224 Mo.App. 70, 18 S.W.2d 545; Thero v. Missouri Pac. R. Co., 144 Mo.App. 161, 129 S.W. 266; Clark v. Atchison & Eastern Bridge Co., 333 Mo. 721, 62 S.W.2d 1079.

An examination of the record in this case discloses no basis for an order of remittitur if the court should sustain appellant's complaint under Point I.

If appellant is correct in his contention with respect to Instruction No. 1, we would be compelled to reverse the judgment and remand the cause. This judgment is for $10,000, and is the amount in dispute on this appeal. Hensler v. Stix, 185 Mo. 238, 84 S.W. 894.

The case is transferred to the Supreme Court.

RUDDY and MATTHES, JJ., concur.