

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED103145 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County, Missouri |
| vs. | ) | 2106R-03755-01 |
| | ) | |
| DEXTER L. MCKINNIES, | ) | Honorable David Lee Vincent |
| | ) | |
| Appellant. | ) | Filed: January 12, 2016 |

## OPINION

Dexter McKinnies' appeal seeks to re-open this Court's dismissal of his prior appeal in this case, a dismissal which became final in 2014. Because we lack jurisdiction, this appeal is dismissed.

## Background

In June 2006, McKinnies, then sixteen years old, was charged in juvenile court with two counts of assault in the first degree and two counts of armed criminal action arising out of a shooting on Duke Drive in St. Louis County on June 14, 2006. On July 20, 2006, the juvenile court dismissed those charges, and relinquished its jurisdiction over McKinnies to allow him to be prosecuted as an adult under the general criminal laws of this state.

In September 2006, McKinnies was charged as an adult with attempted robbery in the first degree and armed criminal action arising out of an August 14, 2006, incident in

which McKinnies approached a vehicle armed with a handgun and fired a shot into the vehicle as it fled. In March 2007, a superseding indictment was filed in the case charging McKinnies with assault in the first degree, discharging a firearm at a motor vehicle, attempted robbery in the first degree, two counts of armed criminal action, and resisting a lawful stop. A jury convicted McKinnies on all six counts and he was sentenced to eighteen years in prison. McKinnies appealed, and this Court affirmed the judgment on September 15, 2009. *State v. McKinnies*, 292 S.W.3d 589 (Mo.App.E.D. 2009).

On April 29, 2014, McKinnies filed a motion to set aside the judgment as void. On May 12, 2014, the circuit court denied that motion, and on May 19, 2014, McKinnies filed his notice of appeal to this Court. On July 30, 2014, this Court dismissed the appeal due to McKinnies' failure to comply with Eastern District Rule 300 and prior orders of this Court. This Court's mandate dismissing the appeal was issued on August 22, 2014. On August 29, 2014, McKinnies filed a motion in this Court seeking to reinstate his appeal. That motion was denied on September 4, 2014.

On August 7, 2014, in the midst of McKinnies' filings relating to his first notice of appeal, McKinnies filed a second notice of appeal, this time to the Missouri Supreme Court, seeking review of this Court's July 30, 2014, order dismissing his first appeal. On July 1, 2015, the Missouri Supreme Court issued its order transferring this matter here.

## Discussion

It is an appellate court's duty to examine the record and determine its jurisdiction. *Briley v. Thompson*, 285 S.W.2d 27, 29 (Mo.App. 1955). The fact that the Supreme Court has transferred the case to this Court does not foreclose further review of this Court's jurisdiction. *Id.*

2

Once an appellate court dismisses an appeal and issues its mandate to the trial court, it loses jurisdiction over the case. *State ex rel. McMullin v. Satz*, 759 S.W.2d 839, 840 (Mo.banc 1988); *State v. Thompson*, 659 S.W.2d 766, 768 (Mo.banc 1983).

A party whose case has been dismissed by the court of appeals may seek relief from that dismissal by requesting rehearing in the court of appeals or transfer to the Supreme Court. See Rules 84.17; 83.02; 83.04; 30.27; 30.26. McKinnies' failure to seek rehearing in this Court or transfer to the Supreme Court rendered the dismissal final and precludes any further appellate review of his underlying convictions because this Court no longer has jurisdiction.

## Conclusion

We find McKinnies' second notice of appeal to be nothing more than an attempt to resurrect an appeal that has been dismissed and closed. This Court has no jurisdiction to reopen this appeal and therefore must dismiss McKinnies' second appeal for lack of jurisdiction.

James M. Dowd, Judge

Robert M. Clayton III, P.J. and
Lawrence E. Mooney, J., concur

3