DOVE McGINNESS, Respondent, v. KANSAS CITY WESTERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 18, 1916.

1. **ADMINISTRATORS:** Negligence: Evidence: Record. In order to show that no administrator had been appointed, the custodian of the probate records should be called to testify to it; or some qualified witness who had examined the records should be called to show that an appointment did not appear thereon.

2. **STATUTORY ACTION:** Widow: Cause of Action: Pleading: General Denial. The statute of Kansas gives a cause of action to a widow for damages for the death of her husband, if no administrator of his estate has been appointed. The lack of such appointment is a constitutive part of her right of action; and where it is alleged in the petition that such appointment had not been made, a general denial will make an issue requiring proof from plaintiff. A specific plea in the nature of abatement is not required.

3. **SPECIFIC NEGLIGENCE:** Pleading: Street: Open tract of Land. Where it is specifically charged in a petition that plaintiff's husband was killed by a railway car while walking on the track in the street of a city while the motorman was not in the exercise of ordinary care, it is error to give an instruction that the verdict must be for the plaintiff, though the place was on defendant's track where it was laid over, or across, an outlying tract of land without streets.

4. **FOREIGN STATE:** Cause of Action: Laws: Evidence. On a cause of action arising in another State for death of the plaintiff's husband, the action is governed by the laws of that State and evidence of the decisions of the Supreme Court of such State should be admitted.

Appeal from Jackson Circuit Court—*Hon. A. W. Brewster*, Special Judge.

REVERSED AND REMANDED.

*C. F. Hutchins* and *McCabe Moore* for appellant.

*Oldham & Henderson* for respondent.

ELLISON, P. J.—Plaintiff is the widow of Charles McGinness who is alleged to have been killed in the State of Kansas by being run upon by one of defendant's electric cars. She brought this action for damages under the statute of that State, and recovered judgment in the trial court for six thousand dollars.

The statute of Kansas reads as follows:

"Section 5319 of the Revised Statutes of the State of Kansas, 1909. Action for death, limitation, etc. par. 422. When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived against the latter for an injury for the same act or omission, the action, must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. [Section 5320, Widow or Kin, Par. 422a.] That

in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section 422 of chapter 20, Laws 1868, is or has been at the time of his death in any other State or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section 422 may be brought by the widow, or where there is no widow, by next of kin of such deceased.''

The answer was a general denial, coupled with a plea of contributory negligence. It will be observed that the statute only gives the right of action to plaintiff, as the widow, when no administrator has been appointed. She placed herself within the terms of the statute by alleging in her petition that deceased was a resident of Kansas and that no administrator had been appointed, and undertook to prove that none had been appointed by her testimony while a witness in her own behalf. She was asked by her counsel, ''Whether or not there were any letters of adminstration taken out on the estate of your husband;'' and she answered, broadly, ''No sir.'' On cross-examination, she was asked how she knew no letters had been taken out, and answered, ''because there was not any to be taken out;'' but that she never looked or inquired and that it was her opinion that there were none because she never heard of any, and she had just taken it for granted that none had been. No offer was made by plaintiff to show by the custodian of the records, or other person, that he had examined the records and found that they did not show that an administrator had been appointed.

It is clear that this did not show anything, certainly it did not amount to a showing that no administrator had in fact been appointed. It clearly shows she knew nothing about it and only stated her conclusion. Furthermore, it was a fact which could not be shown by her. In 3 Wigmore on Evidence, sec. 1678, page 2009, it is said that:

''Upon the common-law principle closely related to that just stated, a custodian of documents equally lacked authority to certify that a specific document did not exist in his office or that a particular entry was not to be found

in a register. Whether a court would go so far in a given instance as to require a copy of the entire group of entries or integral series of documents was not entirely settled; but it *was certain* that the *only evidence* receivable would be the testimony on the stand of one *who* had *made* a *search* (usually of the custodian himself) and that the custodian's certificate of due search and inability to find was not receivable under the present exception.''

And that is the effect of the decision of the Supreme Court in Nelson v. Jones, 245 Mo. 593.

But it is said that the objection to the witness' statement was too general and for that reason should not be noticed. The objection was that ''it was incompetent, irrelevant, and immaterial, and that it calls for a conclusion.'' Defendant likewise moved to strike out the answer. The rule is that objections should be specific and that the general objection of incompetency, irrelevancy and immateriality, is not a proper objection unless the evidence is not proper for any purpose. The same thing is frequently stated in this way; That if the evidence is admissible for any purpose within the issues of the case, such general objection will not suffice. [Bailey v. Kansas City, 189 Mo. 503, 512; Peoples Bank v. Sealzo, 127 Mo. 164, 185; Seligman v. Rogers, 113 Mo. 642, 654.] But, manifestly, if the evidence proves nothing, does not prove anything (as here) of the matter the party is endeavoring to show, then it only cumbers and confuses the record, and defendant's motion asking that it be stricken out should have been sustained. Plaintiff cites us to Lee v. Railroad, 195 Mo. 400, 411, as authority that the testimony under discussion proved that there were no letters of administration. In that case nothing is said concerning such a matter except the bare statement by Judge VALLIANT that, ''The record shows that the deceased was a resident of Kansas and no personal representative has been appointed to administer on his estate in that State.'' Counsel state that the abstract of the record in that case shows that the only testimony on that head in the case was where the widow stated in a single sentence, in narrative form that, ''He did not leave a will and there was no administration upon his estate.'' No objection was

made to this in any way and no cross-examination on that subject was had; counsel for the plaintiff here, asserting that counsel for the railway in that case "practically conceded that there was no administration and no personal representative appointed." In other words the matter passed, unobjected to, unnoticed and conceded. But that is not this case.

However, in the present instance, the objection was not all couched in generalities, for a specific part of it was that the questions called for the conclusion of the witness, and her answers show that such objection was well founded, for they showed she knew nothing about whether letters had been granted or not; that she "never looked or inquired" and only gave it as her "opinion" that none had and just "took it for granted" none had.

But it is said in response to this that no proof at all was required under the answer, which, as we have said, was only a general denial, and that in order to put plaintiff on her proof, there should have been a specific plea in the answer to the effect that an administrator had been appointed. The cases of Baxter v. Transit Co., 198 Mo. 1, 14, and Gross v. Watts, 206 Mo. 373, are cited in support of that proposition. The first was where a minor was injured by a street car and brought an action for damages through a trust company as his curator. There was no proof of the company's appointment and the court held it not necessary; that as there was no special plea in the nature of abatement, his curatorship was confessed and that a general denial was not sufficient to put his capacity to sue in issue. The second case was to foreclose a mortgage and to reform a warranty deed. It was alleged in the petition that the plaintiff was duly appointed administrator of one of the parties, but there was no proof of it. The same view was stated as was announced in the first case.

Those cases can hardly be said to bear likeness to the one before us. The fact of there being a curator in one, or an administrator in the other was no part of the cause of action and had no connection with the right of action. The nonappointment and consequent lack of

right to be party plaintiffs was a mere matter of abatement, which, if not interposed, was a waiver of the defect. In the Baxter case Judge VALLIANT treating the nonappointment of the Trust Company as curator for the minor, as being merely matter of abatement said (page 6) that "The character in which the plaintiff assumes to sue is entirely *distinct from the cause of action* alleged." And (page 7) that such matter could be sustained "*Without affecting the cause of action.*" (Italics ours.).

But in this case the capacity of the party plaintiff *is* a part of the cause of action itself. [City of Eureka v. Merrifield, 53 Kans. 794; Hamilton v. Railroad, 39 Kans. 56, Lyons v. St. Louis Ry. Co., 190 S. W. 859 (Mo. Sup. Ct. not yet reported).] The remark in Philes v. Railroad, 141 Mo. App. 561, 570, that such matter only applied to the remedy was inadvertent and not in accord with the decisions in this state and in Kansas.

The partes residing, and the injury happening, in Kansas, the action is governed by the law of that State. The statute of that State, and on which the action is brought, in its general object, is similar to ours and the holding here, like in that State, is that the statute creates a right in the widow and children of a deceased within prescribed periods, and her petition must place her directly within its provisions. [Barker v. Railroad, 91 Mo. 86; Packard v. Railroad, 181 Mo. 421, 426.] These cases, like those in Kansas, hold that the conditions of the widow's right is a constitutive element of the cause of action. The Supreme Court of Kansas said that the "circumstances of residence within the State and the nonappointment of a personal representative, are limitations upon the widow's right to sue at all, rather than constituent elements of her power. They condition rather than create and invest. The conditions referred to must, therefore, appear as substantive allegations in the petition. . . . No proof of the truthfulness of that fact having been offered, the demurrer to the evidence was rightfully sustained." [Vaughn v. Railroad, 65 Kans. 685; McGinness v. Mo. Car & Foundry Co., 174 Mo. 225, 232.]

Now if the condition upon which a widow may sue for the death of her husband, is a part of the cause and right of action itself, it must conclusively follow that they are put in issue by a general denial and that if left unproven a cause of action has not been shown. It is common learning that a general denial puts in issue all material matter constituting a cause of action— ''all allegations necessary to the support of the plaintiff's case.'' [Hudson v. Railroad, 101 Mo. 13, 30; Northup v. Ins. Co., 47 Mo. 435, 444.] That plaintiff thought at the trial that the general denial was sufficient, is shown by her instruction No. 1, where the nonappointment is submitted as an issue to the jury. The case was tried on that theory.

It is however said that the allegation that there was no administrator appointed was a negative averment and that it will be taken as true unless the defendant disproves it. It is the law that though it is necessary to the statement of a cause of action that a plaintiff allege in his petition a negative averment (as for instance, that no administrator has been appointed), *if such negative averment lies peculiarly within the knowledge of the defendant,* then it will be taken as true, unless he disproves it; and, of course, if the knowledge and power to produce the evidence is possessed equally, the plaintiff must make the proof: [See opinion of Judge GRAVES in Swinhart v. Railroad, 207 Mo. 423, 434, reasserted in Fulwider v. Gas Light & Power Co., 216 Mo. 582, 594.] But in this case, whether an administrator of deceased's estate had been appointed was not of course within the knowledge of this defendant, and the *onus* to prove it was therefore, upon the plaintiff.

It was alleged in the petition that the defendant's track was laid in and along New Jersey avenue, a public street in Kansas City, Kansas, and that deceased was killed while walking in said street along a foot-path between the rails of the track between 18th and 22nd streets. There was no evidence tending to show that there was any street between these points, and plaintiff in her instruction No. 2, abandoned the allegation of the place being a street and directed a verdict for plaintiff, if he

was walking along the track between 18th and 22nd streets. The long space between those two streets appears merely to be a tract of land, and if New Jersey avenue is extended through it no physical indication appears. The instruction submits to the jury the hypothesis of the motorman's exercise of ordinary care in watching for persons on the track. A greater degree of care is required on the public streets of a city than on tracts of land over which right of way is obtained and railway tracks are built. By permitting plaintiff to ignore the allegations of her petition and in refusing those of defendant's instructions requiring such allegations to be proven the court committed error; "the very negligence alleged must be proven." [Gardner v. Street Ry. Co., 223 Mo. 389, 421; McCarty v. Hotel Co., 144 Mo. 397 and cases cited.]

Defendant offered to prove the law of Kansas as contained in the report of adjudicated cases concerning cases concerning liability towards those who are trespassing upon tracks of railways. The court refused the evidence. We think it should have been admitted as a part of defendant's case unless the answer was not sufficiently specific on that head. Before another trial it can be made more definite.

Technically speaking, some of the errors herein indicated entitled defendant to a demurrer to the evidence, but as they are matters which plaintiff may be able to cure on another trial and plaintiff appears to have a case on the merits sufficient to take the opinion of a jury, we will remand the cause.

Reversed and remanded. All concur.