ROBERT LATHAM, Respondent, v. WILLIAM J. HARVEY, Appellant.

St. Louis Court of Appeals. Opinion Filed February 3, 1920.

1 NEGLIGENCE: Injury to Street Sweeper: Automobiles: Position of Street Sweeper When Injured: Question for the Jury. In an action to recover damages for personal injuries sustained by a street sweeper by being struck by an automobile, etc., in view of the testimony of plaintiff and the witness corroborating him, to the effect that plaintiff was standing between the street car tracks and the south curb of the street performing his ordinary duties as street sweeper with his back turned to the west or southwest, and in full view of drivers of automobiles approaching from the west, but that defendant nevertheless ran him down and injured him, *held*, the case was one for the jury.

2. INSTRUCTIONS: Prejudicial Where Broader Than Petition and Requiring Finding Contrary to Facts. In an action to recover damages for personal injuries sustained by a street sweeper by being struck by an automobile, etc., where plaintiff pleaded that he was standing in the street when struck and having testified that he was standing midway between the street-car track and the curb when struck, positively affirming that he had not been on the street-car track and was not coming off the track when struck, an instruction authorizing a recovery upon a finding that plaintiff stepped from in front of a street-car, and that at the time plaintiff was stepping from in front of a street-car defendant saw or by the exercise of ordinary care could have seen him stepping away from said street-car into the path of defendant's automobile in a position of danger in time to have stopped the automobile, by the exercise of ordinary care, before it struck and injured plaintiff, is prejudicial error for the reason that it is broader than the petition and requires a finding directly contrary to the facts shown by plaintiff's own testimony.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. John W. Calhoun*, Judge.

REVERSED AND REMANDED.

*Bryan, Williams & Cave,* for appellant.

(1) The trial court erred in not sustaining appellant's demurrers to the evidence, because there was no evidence that appellant was negligent. 29 Cyc. 419-20; 29 Cyc. 621; Battles v. Railways, 178 Mo. App. 596, 614, 615; Nevinger v. Haun, 197 Mo. App. 416, 427-28; Winter v. Van Blarcom, 258 Mo. 418, 423-24. (2) The trial court erred in not sustaining appellant's demurrers to the evidence, because the plaintiff was guilty of contributory negligence as a matter of law. Winter v. Van Blarcom, 258 Mo. 418, 424; Conrad v. Green, 94 Atl. 390; Harder v. Mathews, 67 Wash. 487. (3) The instruction on unavoidable accident requested by appellant should have been given by the trial court in view of the evidence in this case. Webb v. Baldwin, 165 Mo. App. 240, 251-52. (4) Appellant did not have a fair and impartial trial before a fair and impartial judge. (a) It was prejudicial error for counsel for respondent, on examination of the jury and on argument, to attempt to show that a casualty insurance company was interested in the case, for the purpose of creating prejudice in the minds of the jury. Berning v. Medart, 56 Mo. App. 443, 449; Gore v. Brockman, 138 Mo. App. 231, 234-46, Trent v. Printing Co., 141 Mo. App. 437, 448-52; Hollenbeck v. McCord, 152 Mo. App. 248, 254-56; Self v. White, 169 Mo. 709, 714-15; Boten v. Sheffield Ice Co., 180 Mo. App. 96. 109-112; Burrows v. Likes, 180 Mo. App. 447, 455-57. (b) It was prejudicial error for counsel for respondent, after being reproved by the court, to repeat his charges of improper conduct in the defense of the suit. Evans v. Towen of Trenton, 112 Mo. 390, 401-02. (c) It was prejudicial error for the trial court not to discharge the jury when counsel for respondent made an offer of proof of incompetent and prejudicial evidence in the hearing of the jury, after request made to have the offer made out of the presence of the jury. Marshall v. Taylor, 168 Mo. App. 240, 247-49; Haynes

v. Town of Trenton, 108 Mo. 123, 133; Brown v. Railroad, 66 Mo. 588, 599; Ritter v. Bank, 87 Mo. 574, 576-77; Evans v. Town of Trenton, 112 Mo. 390, 404-05; Norris v. Whyte, 158 Mo. 20, 31-32; Smith v. Telegraph Co., 55 Mo. App. 626, 632-34; Massengale v. Rice, 94 Mo. App. 430, 433-36; Brinton v. Thomas, 138 Mo. App. 64, 75-76; Burr v. Railroad, 138 Mo. App. 471, 477-78; Barnes v. St. Joseph, 139 Mo. App. 545, 549-51; Torreyson v. United Railways, 144 Mo. App. 626, 637-39. (d) It was error to permit respondent to add to the credibility of his witness, Sadie Hyke, by showing that she had no interest in the case. 40 Cyc. 2555; State v. Thomas, 78 Mo. 327; State v. Brown, 247 Mo. 715, 725-27; Chenoweth v. Sutherland, 141 Mo. App. 272, 277. (e) It was error not to strike out the statement of respondent's witness, Sadie Hyke, that the automobile was going at a fast rate of speed. Priebe v. Crandall, 187 S. W. 605, 606. (f) It was prejudicial error to permit respondent to ask this witness, Sadie Hyke, general questions after specific questions were requested by appellant. 40 Cyc. 2421-22; Orr v. Jason, 1 Ill. App. 439; Slaughter v. Health, 127 Ga. 747; Scott v. State, 73 So. 212. (g) It was prejudicial error for the trial court to make a groundless accusation that counsel for appellant was volunteering information to appellant when testifying as respondent's witness, and to adopt a hostile attitude towards counsel for appellant. 38 Cyc. 1322-23; Shepard v. Brewer, 248 Mo. 133-148-49; Jackmann v. Railway (Mo. App.), 187 S. W. 786, 788. (5) (a) Respondent's instruction No. 8 is erroneous because it is contrary to the allegations of the petition. Hufft v. Railroad, 222 Mo. 286, 302-03; Scrivener v. Railway, 260 Mo. 421, 428-31; State ex rel. v. Ellison, 270 Mo. 645, 651-56, 655-56; Silverthorne v. Lumber Co., 190 Mo. App. 716, 726-27; Young v. Dunlap, 195 Mo. App. 119, 122-23; McGinness v. Railway, 195 Mo. App. 390, 396-97. (b) Respondent's instruction No. 8 is erroneous because it directs a verdict and fails to

state all of the essentials to plaintiffs recovery; it ignores defenses, assumes that appellant was negligent and that such negligence was the proximate cause of respondent's injury, and does not require the jury to find that appellant was negligent or that his negligence was the proximate cause of the injury. (a) An instruction directing a verdict should include all elements necessary to recovery. Percell v. Railway, 126 Mo. App. 43, 53; Rissmiller v. Railway, 187 S. W. 573, 574. (b) Instructions should not assume negligence or any other controverted fact. Glaser v. Rothschild, 221 Mo. 180, 203-05; Wease v. Tool Co., 187 Mo. App. 716, 719; Flannigan v. Nash, 190 Mo. App. 578, 582-83; Priebe v. Crandall, 187 S. W. 605, 607-08; Hall v. Coal v. Coke Co., 260 Mo. 351, 362-63, 367-69. (c) This error could not be cured by other instructions. Pierson v. Lafftery, 197 Mo. App. 123, 131; Walker v. White, 192 Mo. App. 13, 18-20; Rissmiller v. Railway, 187 S. W. 573; Dale v. Smith, 185 S. W. 1183; Noyes v. Railroad, 186 S. W. 1027; Patterson v. Evans, 254 Mo. 293, 303; Hall v. Coal & Coke Co., 260 Mo. 351, 369.

*Edw. W. Foristel and Eagleton & Habenicht* for respondent.

(1) Appellant's demurrers at the close of the plaintiff's case and at the close of all the evidence were properly overruled. Frankel v. Hudson, 271 Mo. 495; Brooks v. Harris, 207 S. W. 293; Meenach v. Crawford, 187 S. W. 879; Sullivan v. Chauvenet, 186 S. W. 1090. (2) The instruction on unavoidable accident requested by appellant was properly refused. Simon v. Metropolitan Railway, 178 S. W. 449; Nehring v. Monroe Stationary Co., 191 S. W. 1054. (3) No error was committed during the *voir dire* examination, and the questions asked were proper in order to ascertain the qualifications of the jurors. Boten v. Ice Company, 180 Mo. App. 96; Smith v. Scudiero, 204 S. W. 565; Yates v.

House Wrecking Co., 195 S. W. 549; Kroell v. Lutz, 210 S. W. 926; Kinney v. Street Railways Company, 261 Mo. 97. (4) The argument of respondent's counsel to the jury was proper and no reviewable error was committed as defendant saved no exceptions to any part of the argument, or failure of the court to sufficiently reprove respondent's counsel: Bright v. Sammons, 214 S. W. 425 l. c. 429; Torreyson v. Railway Company, 246 Mo. 696; Tawney v. Railway Co., 262 Mo. 602; State v. Harrington, 263 Mo. 642; Tuck v. Springfield Traction Co., 140 Mo. App. 335. (5) No error was committed in making an offer of proof within the hearing of the jury, and no proper exceptions were saved. An adverse party to a civil action may be cross-examined about any material matter or admissio made against interest at any time. R. S. 1909, sec. 6356. Bush v. Block, 193 Mo. App. 704; Luzzadder v. McCall 198 S. W. 1144. (6) No error was committed in asking witness Sadie P. Hyke whether or not she had any interest in the case. Her answer was stricken from the record and the question was abandoned and no proper exeception saved. Threadgill v. United Railways Co., 214 S. W. 161. (7) No error was committed in permitting respondent to ask witness Sadie P. Hyke general questions, and the witness' answer including a statement that the machine was going fast was not in response to any question asked by the respondent, and this same evidence was later introduced without any objection or exception on the part of the appellant. (8) No error was committed by the court in instructing counsel for appellant not to vounteer any information to witness, and the record clearly shows that no groundless accusation was made. (9) Instruction Number 8 given at the request of the respondent was proper under the pleadings and the evidence, and it included all necessary elements. (a) There was no variance between the pleadings and the instruction. Ottofy v. Mississippi Valley Trust Co., 196 S. W. 428. (b) All the instructions must be read

and considered together; Rissmiller v. Railways Co., 187 S. W. 573. (c) The instructions were not contradictory or conflicting and the error, if any, was harmless. Malone v. St. L. & S. F., 213 S. W. 864; Blair v. Union Electric L. & P. Co., 213 S. W. 976; Tracy v. Coppage, 213 S. W. 38; Rigg v. Railways Co., 212 S. W. 878; Gordner v. Screw Co., 210 S. W. 122. (10) Under all of the evidence the verdict was for the right party and should not be reversed for mere technical reasons, R. S. 1909, sec. 2082; Anderson v. Pryor, 209 S. W. 125.

ALLEN, J.—This is an action to recover damages for personal injuries sustained by plaintiff by being struck by an automobile belonging to the defendant and driven by him. The trial below, before the court and a jury, resulted in a verdict and judgment in favor of plaintiff in the sum of $5000, from which the defendant prosecutes this appeal.

At the time of plaintiff's injury he was in the employ of the city of St. Louis as a street sweeper and engaged in this work on Delmar Avenue, a street extending east and west in the city of St. Louis, at a point a short distance east of Euclid Avenue, a street extending north and south, intersecting Delmar Avenue. He was struck and injured by defendant's automobile as it was being driven in an easterly direction along the south side of Delmar Avenue.

The petition alleges that on the day of plaintiff's injury, to-wit, July 25, 1916, while plaintiff "was lawfully standing on the south side of Delmar Avenue at or near its intersection with Euclid Avenue," he was violently struck, knocked down and run over by defendants automobile operated by defendant and which was being driven eastwardly on Delmar Avenue. The negligence assigned is that the defendant failed to use the highest degree of care that a very careful person would have used, under like or similar circumstnces, in operating and controlling an automobile, in that

defendant operated .the automobile at an excessive and dangerous rate of speed, and negligently failed to stop or attempt to stop the automobile when he knew, or by the exercise of due care on his part would have known the danger of the automobile striking and injuring plaintiff, in time, by the exercise of due care on his part to have stopped the same and avoided striking and injuring plaintiff; that defendant negligently failed to keep a vigilant watch for persons on Delmar Avenue, and particularly plaintiff, and failed and neglected to operate the brakes and other devices on the automobile in such way as to enable him to stop it quickly, or to turn quickly aside upon the first appearance of danger to plaintiff; and that defendant negligently failed to sound any horn or to give other warning to plaintiff of the approach of the automobile.

The answer, after denying generally the allegations of the petition, alleges that Delmar and Euclid Avenues were at the time in question much used by vehicles and dangerous for travel by pedestrians at any place other than their intersection; admits that plaintiff was struck and injured by an automobile owned and operated by defendant on Delmar Avenue near Euclid Avenue; but avers that plaintiff's injuries were due to his own negligence directly contributing thereto, in that plaintiff negligently remained in a dangerous place, on said Delmar Avenue, in front of a moving street car until the same was directly upon him, and then negligently stepped into the path of defendant's automobile, without looking and listening for the same.

Plaintiff testified that he was standing on the south side of Delmar Avenue, about thirty or forty feet east of the east side of Euclid Avenue, "cleaning up some dirt out of the street," at the time when he was struck by defendant's automobile; that when struck he was about midway between the street car track and the south curb of Delmar Avenue, facing toward the

203 M. A.—24

northeast, with his back to the southwest. On Cross-examination he reiterated this testimony, in substance, and further said: "Just immediately before the accident I had not been on the street car track and I was not coming off the track at the time I was struck. I come from the curb there and was sweeping that stuff up."

The testimony of plaintiff that, when struck, he was standing in the street, about midway between the street car tracks and the south curb, with his back to the approaching automobile, is corroborated by the testimony of two other witnesses.

The defendant, called by plaintiff as a wtness, testified that at the time of the casualty he was driving his automobile east on the south side of, Delmar Avenue; that a street car was proceeding east on said Delmar Avenue, and that he was "following it" (though driving between the street car track and the south curb) until he reached the west side of Euclid Avenue; that the street car proceeded perhaps twenty-five or thirty feet east of Euclid Avenue crossing "when it slowed down for something." And defendant said: "As I got to the end of the car this man (plaintiff) stepped off—backed off the track; backed right into the path of my machine." Defendant further testified that in his opinion, the automobile was about twelve or fifteen feet from plaintiff when the latter stepped from the street car track; that he immediately sounded his horn, and set his brakes, both emergency brake and foot brake, as soon as he could, and as "hard" as he could, but that the automobile struck plaintiff and dragged him a few feet.

The testimony of defendant that plaintiff stepped from in front of the street car, into the path of the automobile, is corroborated by that of a witness who was an occupant of the automobile with defendant.

It is unnecessary, as we view the case on this appeal, to set forth the evidence in further detail. In view of the testimony of plaintiff and the witnesses

corroborating him, to the effect that plaintiff was standing between the street car tracks and the south curb of the street, performing his duties as street sweeper, with his back turned to the west or southwest, and in full view of the drivers of automobiles approaching from the west, but that defendant nevertheless ran him down and injured him, we think that the case was obviously one for the jury.

Only two instructions were given at plaintiff's request; one purporting to cover the case, under the last chance doctrine, and the other an instruction on the measure of damages. The former, i. e. plaintiff's instruction numbered 8, is as follows:

"If you find and believe from the evidence that plaintiff stepped from in front of a street car, and that at the time plaintiff was stepping from in front of said street car, defendant saw, or by the exercise of ordinary care, could have seen plaintiff stepping away from said street car into the path of defendant's automobile and in a position of danger in time, by the exercise of ordinary care, to have stopped his machine before it struck and injured plaintiff, than your verdict will be for the plaintiff."

As appears above, plaintiff, in his petition, alleges that when struck by the automobile he was "standing" in the street; and he testified positively that he was standing on the south side of the street about midway between the street car tracks and the curb, facing northeast with his back to the southwest, when he was struck from the rear by defendant's automobile. This instruction, however, authorizes a recovery upon a finding that "plaintiff stepped from in front of a street car," and that at the time plaintiff "was stepping" from in front of the car, defendant saw or by the exercise of ordinary care could have seen him, "stepping away from said street car," into the path of defendant's automobile, in a position of danger, in time to have stopped the automobile, by the exercise of ordinary care, before it struck and injured plaintiff.

It was prejudicial error to give this instruction, for the reason that it is broader than the petition (See Degonia v. Railroad, 224 Mo. 554,, 123 S. W. 807; Scrivner v. Railroad, 260 Mo. 421, 169 S. W. 83; Young v. Dunlap, 195 Mo. App. 119, 190 S. W. 1041) and requires a finding directly contrary to the facts shown by plaintiff's own testimony. Having pleaded that he was standing in the street when struck, and having testified that he was standing midway between the street car track and the curb when struck, positively affirming that he had not been on the street car track. and was "not coming off the track" when struck, plaintiff was not entitled to change front and submit his case to the jury upon the theory that he did step from in front of the street car and was struck while in the act of stepping from the car track, and recover upon such theory. [See authorities supra; also McGinness v. Railroad Co., 195 Mo. App. 390, 192 S. W. 115; Gunn v. United Railways Co., 270 Mo. 517, 193 S. W. 814; Northam v. United Railways Co., 176 S. W. 227; State ex rel. v. Ellison, 270 Mo. 645, 195 S. W. 722.]

Other questions are raised by appellant, both as to this instruction and as to other matters occurring at the trial, but since the case must be retried these questions will doubtless be eliminated, and it is consequently unnecessary to encumber the opinion by discussing them.

The judgment must be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.