CHESTER ALEXANDER, RESPONDENT, v. BARNES GROCERY COMPANY, APPELLANT.*

Springfield Court of Appeals. May 24, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 756, p. 855, n. 34; 4CJ, section 2609, p. 701, n. 49; section 2625, p. 713, n. 63; section 2890, p. 920, n. 53; section 3057, p. 1068, n. 22; Master and Servant. 39CJ, section 971, p. 774, n. 95; section 1182, p. 954, n. 18; section 1329, p 1138, n. 74; section 1340, p. 1153, n. 95; section 1341, p. 1155, n. 4; section 1352, p. 1168, n. 78; section 1401, p. 1220, n. 68; section 1403, p. 1222, n. 85, 87; Motor Vehicles, 42CJ, section 583, p. 883, n. 31; Negligence, 45CJ, section 530, p. 976, n. 21; Trial, 38Cyc, p. 1549, n. 45; p. 1627, n. 82.

*Henson & Woody* for appellant.

*Cope & Tedrick* for respondent.

BAILEY, J.—This is an action to recover damages for personal injuries. Plaintiff was an employee of defendant company which was engaged in the wholesale grocery business. His duties required

him to drive defendant's trucks. While loading cabbage for defendant at a cold storage plant, the truck into which he was loading the cabbage was backed against a platform. It seems that on account of the sloping condition of the ground at that particular place and the failure of the emergency brake to hold, the truck moved forward about three feet just as he attempted to step from said platform to the truck and he fell against the rear of the truck onto the ground, receiving the injuries complained of.

The negligence alleged in the petition is that the truck was not equipped with two sets of adequate brakes, but that the brakes were worn and would not hold the truck stationary when on a slight incline; that defendant knew of this condition but notwithstanding such knowledge it ordered plaintiff to use same; that defendant failed to properly inspect and keep said truck in repair and carelessly failed to warn plaintiff of the defective condition of the brakes. The answer consisted of a general denial and a further plea that plaintiff's injury was due wholly to his own negligence therein specified. On trial to a jury, plaintiff obtained a verdict and judgment for $2500. Defendant has appealed.

Error is assigned in (1) the admission of evidence, (2) exclusion of evidence, (3) overruling defendant's demurrer to the evidence offered at the close of plaintiff's case, (4) in giving plaintiff's instructions numbered 1, 2, 3, 4 and 5, and (5) in refusing defendant's demurrer at the close of all the testimony. In defendant's brief assignments one and two are not mentioned and they will be considered abandoned. Of course defendant waived its demurrer offered at the end of plaintiff's case by proceeding with the trial and therefore point three will not be considered.

We are also of the opinion that defendant is not now in a position to urge its general demurrer to the evidence offered at the close of the whole case. It will be noted the petition charges specific negligence in several particulars. Upon the court's refusal to give defendant's instruction in the nature of a demurrer to the evidence at the close of the whole case, defendant offered several instructions submitting the questions of defendant's negligence in not exercising proper care when he knew of the defect in the brake, also in failing to exercise proper care to secure said truck so that it would not run forward and as to his duty to, himself, have had the truck brake repaired. After thus defining and limiting the issues, there being several charges of negligence in the petition, defendant is estopped from denying that the evidence was sufficient to go to the jury upon each of the issues so submitted. [Davison v. Hines, 246 S. W. 295; Torrance v. Pryor, 210 S. W. 430.] In any event there was sufficient evidence to support the charges of negligence made in the petition. Plaintiff testified that: ''The ground there was slanting from the

platform. I had loaded thirteen sacks of cabbage, and, when I brought out the fourteenth sack and stepped on the truck it ran out and I fell through between the rear end of the truck and the platform, or porch. The truck had run forward. The front end of the truck when I backed it up was about four inches lower than the rear. After I fell I went around and looked at the emergency brake and found that the piece that had the notches in it was bent over a little. When you put the brake on you pull it clear back, this I did on this occasion. A sack of cabbage weighs about forty-five or fifty pounds. I did not know that the brake was bad. After I got back to defendant's place of business, I had a conversation with Mr. Gilmore, foreman, about the brake. I told him I thought it was sprung and he said he was aiming to take it and have it fixed before the accident."

On cross-examination he testified that he told the defendant's foreman a week or two before the accident that the lever on the brake was sprung and "he (the foreman) did not pay any attention to it." There was further evidence tending to prove that the brake was defective but that it had never slipped and permitted the car to move forward at this particular place, prior to the accident. There is no direct evidence that the condition of the car, on account of the defective brake, was so glaringly dangerous that a man of ordinary prudence would not have used it under the circumstances of this case. The foreman testified that he had intended to have the brake fixed before the accident but the garage man was busy and "told me he would fix it in a day or two." Under this evidence we think there can be no doubt that plaintiff made a case for the jury. [Plannett v. McFall, 284 S. W. 850.]

Defendant complains of plaintiff's instruction No. 1. In substance, it informs the jury that it was defendant's duty to furnish plaintiff with a truck that was equipped with reasonably safe brakes; that if they should find that plaintiff, in obedience to orders, drove one of defendant's trucks to the cold storage plant, backed the same up the incline and against the platform, pulled down the emergency brake to hold same in place and if they found the emergency brake lever was bent and worn to such an extent that it would slip forward, at times, releasing the brakes and that such condition, if any, was known to defendant and unknown to plaintiff and they failed to warn plaintiff; and if they further found that such condition of the emergency brake had existed for such length of time that defendant, in the exercise of ordinary care, could have discovered it and have notified plaintiff but failed to do so, then defendant was guilty of negligence in ordering plaintiff to use said truck; that if they further found that while plaintiff was carrying cabbage from the cold storage house to the truck and while he was exercising due care and caution for his own safety, he stepped from said platform onto the truck and

as he did so the brake lever slipped, permitting the truck to run forward, causing plaintiff to fall, the verdict must be for plaintiff.

Defendant points out a number of alleged defects in this instruction, among them being that it failed to place upon plaintiff the duty of exercising the highest degree of care as required by Laws of Missouri, Extra Session, 1921, p. 91, sec. 19, and that, as a matter of law, he failed to exercise such highest degree of care. The law of 1921 referred to applies to persons operating a motor vehicle on a highway. It should not be construed to apply to a situation where the automobile was neither being operated on a highway nor to the doing of an act, such as scotching the wheels, that might be required at a private loading platform when the automobile was not being operated. None of the cases cited by defendant support its theory. Moreover defendant did not submit the case to the jury, by its own instructions, so as to impose upon plaintiff the duty of exercising the highest degree of care. Defendant's instructions, one and two, require plaintiff to exercise only "proper care," which might or might not be the highest degree of care. It appears both from the pleadings and instructions that, under the trial theory, plaintiff was not required to use the highest degree of care as provided by statute. Defendant, on appeal, must abide by the theory adopted in the trial court. [Thompson v. Energy Const. Co., 295 S. W. 525, l. c. 527; Plannett v. McFall, supra.]

Defendant further objects to this instruction because it permits the jury to find, contrary to the fact testified to by plaintiff himself, that the defective condition of the emergency brake was unknown to him. Plaintiff testified, in effect, that he knew the brake lever was sprung and complained to the foreman. The defense was based principally on that fact as shown by defendant's answer and instruction. Plaintiff's instruction ignores that defense and the evidence in support thereof. We believe the instruction adopts a theory to which plaintiff was not entitled under the pleadings and evidence. His knowledge of the defect in the brake would not, of course, have precluded a recovery unless the danger therefrom was so obvious and imminent that a man of ordinary prudence, under the circumstances, would not have used the car. But the instruction ignores entirely the admitted and undisputed fact that plaintiff knew of the defective condition of the brake lever and authorizes the jury to find that he had no such knowledge. The instruction is not based on the evidence and is erroneous. [Latham v. Harvey, 203 Mo. App. 363, 218 S. W. 401; Kassman v. St. Louis, 153 Mo. 293, 54 S. W. 513; Nixon v. Railroad Co., 141 Mo. 425, 42 S. W. 942; Hayt v. Kansas City Stockyards, 188 S. W. 106; Bliesner .v. Dist. Co., 157 S. W. 980, 174 Mo. App. 139.] Moreover the instruction, in attempting to cover the whole case and in directing a verdict for plaintiff should not assume that plaintiff had performed his full duty by simply setting the

emergency brake. In view of his own testimony that he knew of the bent condition of the brake lever and the further fact that the surface of the ground where he parked the truck was sloping, it seems that other elements of due and proper care were involved in the case. Although the instruction required the jury to find plaintiff was exercising "due care and caution for his own safety," *while he was carrying a load of cabbage to the truck,* yet it cannot be fairly assumed that this portion of the instruction referred to his conduct in backing and parking the car at the platform. The instruction was so drawn that the jury might easily have been misled thereby. These matters were perhaps covered in defendant's instructions but that did not cure the error.

Plaintiff's instruction No. 4, is as follows: "The jury are instructed that the defendant in this case has, among other defenses, plead contributory negligence, that is that the plaintiff, Chester Alexander, was guilty of negligence on his part, and in this connection the court instructs you that the burden of proof is upon the defendant to establish to your reasonable satisfaction by a preponderance of the evidence such contributory negligence on the part of said plaintiff, and the court instructs you that if the defendant has failed so to do, then your verdict will be for the plaintiff and against the defendant as to this issue."

It is contended that this instruction is erroneous because (1) it injects an issue not made by the pleadings, that of contributory negligence and (2) for the reason it told the jury, as a matter of law, that defendant was negligent; also (3) because it precluded the jury from considering the evidence of plaintiff as establishing contributory negligence and (4) because it is in conflict with defendant's instructions one and two.

The first two objections are so closely related they may be considered together. It is true, as defendant states, that the answer does not specifically charge plaintiff with contributory negligence, but simply pleads that the negligence of plaintiff, in the particulars therein mentioned, directly caused whatever injuries he may have sustained. However, we are unable to perceive in what manner such state of the pleadings can be of advantage to defendant on the question of the submission of contributory negligence. If the answer had specifically pleaded contributory negligence such plea would not necessarily be an admission of negligence on the part of defendant. The theory of the plea of contributory negligence is that, even if defendant be found guilty of negligence, plaintiff cannot recover if he is likewise guilty of negligence directly contributing to cause the injury. In attempting to plead and prove that plaintiff's negligence is the sole and only cause of the injury, defendant assumed a burden greater than the law required. If the injury would have occurred without defendant's negligence or if it required both the negligence

of defendant and plaintiff combined to produce the effect, defendant is not liable. [Tibbels v. Ry. Co., 219 S. W. 109.]

Had the instruction complained of informed the jury that the burden was on defendant to prove by the preponderance of the evidence that plaintiff's negligence was the sole cause of the injury, it would perhaps have been in harmony with the contention now made by defendant, although the law would not ordinarily place such burden upon it. Having received an instruction more favorable than it would have received had its theory been adopted, defendant is in no position to complain. It also appears that defendant itself submitted the issue of contributory negligence in its instruction No. 2. We hold against defendant on this assignment.

It is insisted under point (3) that instruction No. 4, deprived defendant of the benefit of plaintiff's evidence on the question of contributory negligence. Our Supreme Court has decided that question adversely to defendant in considering an identical instruction arising under a similar state of facts and any further discussion thereof seems unnecessary. [Lane v. Mo. Pac. Ry., 132 Mo. 4, l. c. 18, 33 S. W. 645, 1128; Murray v. Mo. Pac., 101 Mo. 236, 13 S. W. 817, l. c. 818.] The instruction does not conflict with defendant's instructions and we find no error therein.

The judgment should be reversed and remanded for error in giving plaintiff's instruction No. 1. It is so ordered.

*Cox, P. J.,* and *Bradley, J.,* concur.