

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BETH MARIE VICTORIA, | § | No. 08-24-00073-CR |
| Appellant, | § | Appeal from the |
| v. | § | 77th District Court |
| THE STATE OF TEXAS, | § | of Limestone County, Texas |
| Appellee. | § | (TC# 15740-A) |

## MEMORANDUM OPINION[1]

Appellant Beth Marie Victoria was charged in trial cause number 15740-A with aggravated assault with a deadly weapon.[2] Based on a plea agreement with the State, the trial court deferred adjudication of her guilt and placed her on community supervision for a period of seven years. The State later filed a motion to proceed with adjudication of guilt, claiming Victoria had committed ten violations of the terms of her supervision. Victoria pleaded "true" to all but one of the State's

---

[1] The appeal was transferred to this Court from the Tenth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Tex. Gov't Code Ann. § 73.001. Accordingly, we apply the Tenth Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

[2] In a companion case docketed in this Court as appellate cause number 08-24-00074-CR, Victoria also filed a notice of appeal challenging a second judgment adjudicating her guilty for the offense of aggravated assault with a deadly weapon, which was rendered in trial court cause number 15741-A. The trial court heard both causes together and sentenced Victoria to eight years' confinement for each cause with the sentences running concurrently. By separate opinion issued on the same date as this cause, we also affirm the judgment in trial cause number 15741-A.

allegations. The trial court revoked Appellant's probation, convicted her of the offense charged, and sentenced her to eight years in prison. The same day, the trial court certified Appellant's right to appeal. Victoria now brings two issues. First, she asserts the trial court erred when it originally accepted her plea of guilty and placed her on deferred probation, arguing a deficiency in the indictment relating to the date of the charged offense rendered it void; and second, she contends her trial counsel provided ineffective assistance of counsel when she entered her original plea of guilty. We affirm.

## I. BACKGROUND

On April 19, 2023, a grand jury charged Victoria with committing one count of aggravated assault with a deadly weapon. Specifically, the indictment alleged that, on or about November 18, 2011, Victoria intentionally or knowingly threatened David Beachum with imminent bodily injury by telling him she was going to kill him, then stabbing him with a pen; and after she picked up a knife, she then followed him to his car where she used or exhibited a deadly weapon, to-wit: a pen and/or a knife.[3]

On May 16, 2023, Victoria, her counsel, and the State signed a written plea agreement. As part of the agreement, Victoria entered a plea of guilty and waived certain rights in exchange for the prosecutor recommending a sentence of seven years' deferred adjudication probation. The agreement also required that she attend an anger management program and have no contact with victim, David Beachum. Along with the plea-agreement, Victoria also signed a sworn judicial confession and stipulation of evidence, whereby she pleaded guilty and stipulated that she intentionally or knowingly threatened David Beachum with imminent bodily injury on November 18, 2022. Indicating his approval, her counsel also signed that instrument.

---

[3] The record also contains an order for Victoria's court appointed attorney where it stated she stood charged with "continuous violence against the family," which was alleged to have occurred on November 19, 2022.

2

After calling trial cause number 15740-A, the trial court admonished Victoria, then confirmed whether she desired to plead guilty to the charge of aggravated assault with a deadly weapon as charged by the indictment of the case. After being sworn, Victoria confirmed that she understood the paperwork she had signed, she was satisfied with the representation of her counsel, and she pleaded guilty to the charge. She also understood she had signed a jury waiver wherein she had waived her rights to a jury trial and her right to appeal that portion of the proceeding. After the hearing concluded, the trial court entered an order of deferred adjudication providing that Victoria pleaded guilty to the offense of aggravated assault with a deadly weapon (not a firearm), and placed Victoria on community supervision for seven years. The order provided that, after Victoria was charged by indictment, she pleaded guilty to the offense of aggravated assault with a deadly weapon, committed on "11/18/2022", based on a plea agreement. Along with the order, the trial court, Victoria, and her counsel all signed a certification indicating Victoria had no right of appeal because it was a plea-bargain case.

On August 15, 2023, the State filed a motion to adjudicate guilt, alleging five violations of the terms of community supervision to include allegations that Victoria committed an additional offense against Beachum, and she went to or near his residence on multiple occasions even though such contact was prohibited. The State later amended its motion to allege an additional five violations of the probation terms. On February 22, 2024, the trial court held a hearing on the State's motion to adjudicate. Although Victoria pleaded "not true" to the first allegation alleging she caused bodily injury to Beachum by hitting and biting him, she otherwise pleaded "true" to the remaining nine allegations. At the hearing, David Beachum and other witnesses testified on behalf of the State, while Victoria testified on her own behalf. She testified that she and Beachum had a 15-year relationship and parented nine children together, four that were hers and five that were his.

She acknowledged she had been struggling with a drug addiction since the age of 18. As far as the biting incident, she testified that Beachum had been choking her so she bit him in self-defense.

Based on Victoria's plea of "true" to all the allegations except one, the trial court revoked her probation and assessed a punishment of eight years' confinement. The trial court thereafter rendered a judgment adjudicating Victoria guilty of the offense of aggravated assault with a deadly weapon (not a firearm) and sentenced her to eight years' confinement in prison in trial cause number 15740-A. *See* Tex. Penal Code Ann. § 22.02(a)(2).

This appeal followed.

## II.  DISCUSSION

On appeal, Victoria first contends the trial court should not have accepted her original plea of guilty because the indictment had alleged a date for the offense outside the statute of limitations. She argues this error rendered the indictment void and the conviction a nullity. Second, Victoria contends that her rights were violated by her trial counsel's ineffective assistance of counsel. As a preliminary matter, we note that both of these issues on appeal concern challenges brought against the original proceeding that led to the court's rendering of the deferred adjudication order.

Notably, however, this proceeding arises from Victoria's direct appeal of the trial court's revocation of probation and adjudication of guilt, not the order of deferred adjudication. "A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Such issues may not be raised in an appeal from an order adjudicating guilt and revoking community supervision. *Id.* Rather, an appellant is generally limited to challenging the grounds for revocation. *Araujo v. State*, No. 11-20-00242-CR, 2022 WL 3092669, at *1 (Tex. App.—

4

Eastland Aug. 4, 2022, no pet.) (mem. op., not designated for publication) (citing *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ("The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed.")); *see also Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015); *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013).

However, there are two exceptions to the general rule that an original plea of guilty cannot be attacked on the appeal of a revocation proceeding: (1) the "void-judgment" exception; *Nix v. State*, 65 S.W.3d 664, 667 Tex. Crim. App. 2001); and (2) the "habeas corpus" exception. *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001) (permitting the contemporaneous filing of a writ of habeas corpus under Article 11.08 or 11.09 of the Code of Criminal Procedure). The void-judgment exception requires that the claimed defect be one that renders an original judgment void. *See Wright*, 506 S.W.3d at 481. In this context, the voidness of a judgment means there exists a "nullity" such that it is "accorded no respect due to a complete lack of power to render the judgment in question." *Id.* (quoting *Nix*, 65 S.W.3d at 667–68). The habeas corpus exception provides a probationer with an opportunity to litigate at the revocation hearing "any claims that would be cognizable on a writ of habeas corpus." *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001). However, as a prerequisite to invoking the habeas corpus exception, Appellant must have filed an application for a writ of habeas corpus—with a cognizable claim—*before* the revocation proceeding commenced and must have *attempted to litigate* the issues before the trial court at the revocation hearing. *Nix*, 65 S.W.3d at 670. *Jordan*, 54 S.W.3d at 786; *see also Ludwig v. State*, No. 08-22-00078-CR, 2023 WL 2658039, at *2 (Tex. App.—El Paso Mar. 27, 2023, no pet.) (mem. op., not designated for publication) (recognizing the abrogation of the habeas corpus exception invoked by use of a "functional" writ alone; but observing—as the Court of Criminal

5

Appeals did in *Jordan*—that "[n]othing prevents the probationer from filing an Article 11.08 or 11.09 writ application after the State has filed a motion to revoke[.]").

With these principles in mind, we look at Victoria's assigned errors on appeal.

### A. Statute of limitations

First, Victoria contends the original indictment was rendered void because the indictment had alleged a date for the offense outside the statute of limitations. In response, the State argues that Victoria forfeited her complaint by failing to raise it in the trial court and it claims she only complained of this issue for the first time in her appellant's brief. We agree with the State.

Here, Victoria points out the indictment charging her with aggravated assault with a deadly weapon alleged she committed the offense on November 18, 2011, while her judicial confession described the offense occurred on November 18, 2022. Victoria asserts the dates between the indictment and the confession vary by a period of eleven years. Relying on *Phillips v. State*, she argues the alleged date in the indictment created a fatal defect resulting in a void indictment. 362 S.W.3d 606, 618 n.64 (Tex. Crim. App. 2011). However, the Court of Criminal Appeals has overruled *Phillips* and held that a defendant's limitations defense is forfeitable. *Ex parte Heilman*, 456 S.W.3d 159, 166 (Tex. Crim. App. 2015). And it further explained that when a statute of limitations defense lacks an ex post facto component it does not attack the jurisdiction of the trial court. *Id.* at 168. (citing *State v. Yount*, 853 S.W.2d 6, 8 (Tex. Crim. App. 1993) (en banc)) ("[A]n indictment which charges the commission of an offense barred by limitations still confers jurisdiction upon the trial court, such that the defendant must bring the defect to the attention of the trial court in order to preserve any error."). Here, Victoria does not point to a legislative origin for the alleged violation of the statute of limitations. *Id*. at 165.

Explaining the nature of the statute of limitations defense, *Heilman* outlined three categories of rights: (1) "absolute requirements and prohibitions," which are fundamental and

cannot be waived, (2) "rights of litigants which must be implemented by the system unless expressly waived," and (3) "rights of litigants which are to be implemented upon request." *Id.* The Court held a statute of limitations defense is a "category-three forfeitable right[,]" and a defendant waives that defense by entering a guilty plea. *Id.* at 169. Here, Victoria's case falls squarely within *Heilman*'s holding. She agreed to a plea bargain with the State, and pursuant thereto, she waived her rights and pleaded guilty without raising any limitations defense. Pursuant to her agreement, she signed a document providing that she expressly waived "any and all rights given [to her] by law, whether of substance or procedure."

Accordingly, on this record, because we conclude the indictment was not rendered void based on the charging date falling outside the statute of limitations, the trial court had jurisdiction over the case. *See id.* at 166; *see also McCrary v. State*, No. 06-11-00009-CR, 2011 WL 2165152, at *1 (Tex. App.—Texarkana May 25, 2011, no pet.) (mem. op., not designated for publication) ("Limitations is a defense; it is not jurisdictional."). We further conclude the record established that Victoria forfeited her right to a limitations defense by entering into a plea bargain agreement with the State.

We overrule her first issue.

### B. Ineffective assistance of counsel

Second, Victoria asserts her trial counsel was ineffective because he failed to "investigate this case," failed to advise her of "the infirmity of the indictment," and failed to move to quash the indictment. Similar to her first issue, we conclude her second issue neither establishes the application of the void-judgment exception.

A guilty plea must be made knowingly, intelligently, and voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(b); *Fuller v. State*, 253 S.W.3d 220, 229 (Tex. Crim. App. 2008). A guilty plea is not voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns,* 601

S.W.2d 370, 372 (Tex. Crim. App. 1980); *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The United States Supreme Court has held that "the two-part *Strickland v. Washington* test applies," when an appellant challenges a guilty plea based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). For the prejudice prong of the Strickland test in guilty-plea challenges, the Court of Criminal Appeals has adopted the standard stated by the Supreme Court in *Hill. Ex parte Torres*, 483 S.W.3d 35, 46 (Tex. Crim. App. 2016). This standard provides that when a defendant enters a guilty plea with the advice of counsel and challenges the validity of the plea with a claim of ineffectiveness of counsel, the prejudice inquiry considers "whether there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Id.*

However, given the posture of this proceeding, we must still consider whether Victoria can assert she was deprived of effective assistance of counsel at the time of her original plea in this direct appeal of the revocation of her probation and adjudication of her guilt. In *Jordan*, a case decided on the same day as *Nix*, the Court of Criminal Appeals pointed out that, even though it had previously "recognized that a judgment is void only in very rare situations—usually due to a lack of jurisdiction[,]" it clarified that "[a]n 'involuntary plea' does not constitute one of those rare situations." 54 S.W.3d at 785. Here, because Victoria's assertion of ineffective assistance of counsel challenges the voluntariness of her original plea, her claim does not fall within the void-judgment exception.

Instead, *Jordan* instructs that "[a]n involuntariness claim is the type of claim that is cognizable on a writ of habeas corpus." *Id.* Specifically, Jordan outlined that "a writ of habeas corpus may be filed under Article 11.08 or 11.09 even though a person has not been finally convicted of an offense." *Id.* at 786. Providing further guidance, the Court noted that "[n]othing

prevents the probationer from filing an Article 11.08 or 11.09 writ application after the State has filed a motion to revoke, and nothing prevents the trial court from considering the application along with the State's motion to revoke probation." *Id*. Thus, *Jordan* held that "if a probationer wishes to invoke the trial court's writ of habeas corpus jurisdiction, [she] must follow the proper procedures outlined in Article 11." *Id*. Here, because Victoria did not follow those procedures, her ineffectiveness claim amounts to an impermissible collateral attack against the order of deferred adjudication. *Id*. at 786–87.

Accordingly, because Victoria has failed to establish the application of the void-judgment exception, we are barred from considering either of her claims in this proceeding.

We overrule her second issue.

## III. CONCLUSION

Victoria is barred in this appeal from collaterally attacking the original plea proceeding and its resulting order of deferred adjudication. Although our appellate jurisdiction has been properly invoked, we nevertheless lack jurisdiction to address the merits of each of the issues on appeal. *See Manuel*, 994 S.W.2d at 660–62. Accordingly, we affirm the trial court's judgment.

GINA M. PALAFOX, Justice

February 12, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

9